FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 01 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

           Plaintiff,

 and

PYRAMID LAKE PAIUTE TRIBE OF
INDIANS,

           Petitioner - Appellant,

  v.

ALPINE LAND & RESERVOIR CO.,

           Defendant,

NEVADA STATE ENGINEER,

           Respondent - Appellee,

 and

ASPEN CREEK, LLC; DAYTON
VALLEY INVESTORS, LLC; STANTON
PARK DEVELOPMENT, INC.,

           Real-parties-in-interest -
           Appellees.

No. 08-16767

D.C. No. 3:73-cv-00203-LDG
District of Nevada,
Reno

ORDER WITHDRAWING
MEMORANDUM DISPOSITION
AND DENYING PETITION FOR
REHEARING

Before: HALL, W. FLETCHER and PAEZ, Circuit Judges.

The memorandum disposition filed April 7, 2010 is withdrawn. A superseding memorandum disposition is being filed concurrently with this order.

The panel has voted to deny the petition for panel rehearing.

Appellant's motion to alter or amend is denied as moot. Appellees' petition for panel rehearing is denied.

Subsequent petitions for rehearing or rehearing en banc may be filed.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-16767 |
| Plaintiff, | D.C. No. 3:73-cv-00203-LDG |
| and | |
| PYRAMID LAKE PAIUTE TRIBE OF INDIANS, | MEMORANDUM [*] |
| Petitioner - Appellant, | |
| v. | |
| ALPINE LAND & RESERVOIR CO., | |
| Defendant, | |
| NEVADA STATE ENGINEER, | |
| Respondent - Appellee, | |
| and | |
| ASPEN CREEK, LLC; DAYTON VALLEY INVESTORS, LLC; STANTON PARK DEVELOPMENT, INC., | |
| Real-parties-in-interest - Appellees. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Argued and Submitted July 15, 2009
San Francisco, California

Before: HALL, W. FLETCHER and PAEZ, Circuit Judges.

The legal issues in this appeal are similar to those we decided in *United States v. Orr Water Ditch Co.*, No. 07-17001.

This appeal arises from Ruling 5823 of the Nevada State Engineer, allocating groundwater rights in the Dayton Valley Hydrographic Basin ("the Basin"). The Pyramid Lake Paiute Tribe of Indians ("the Tribe") opposed many of the applications. As with the Truckee Basin applications, the Tribe contended that the groundwater in the Basin was over-appropriated, and that granting the applications would impair their federally decreed water rights under the Orr Ditch Decree "by depleting flows in the Carson River and thereby reducing inflows to the Lahontan Reservoir to the detriment of senior water right holders in the Newlands Project who are entitled to divert Truckee River water to make up for insufficient Carson River flows, which would impact Pyramid Lake and its fishery."

2

The State Engineer ruled against the Tribe. The Engineer noted that "the Tribe is not a senior water-right holder on the Carson River and does not have any existing decreed right to Carson River surface water." The Tribe, however, had relied in its challenge not on any right to Carson River water, but on the potential downstream impact of the allocations on the Tribe's decreed rights to the Truckee River. *Inter alia*, the Engineer ruled that the Tribe's decreed water rights under Claims No. 1 and 2 would not be impacted by allocations of groundwater in the Dayton Valley.

The Tribe appealed the Engineer's ruling to the federal district court. The Tribe contended there was federal court jurisdiction over an appeal of the Engineer's ruling because the district court had exclusive jurisdiction over the surface waters of the Carson River under the Alpine Decree.

The district court held that it did not have subject matter jurisdiction over the Tribe's appeal. In light of our opinion in *United States v. Orr Water Ditch Co.*, No. 07-17001, we vacate and remand the district court's decision in this case for further proceedings consistent with that decision. Consistent with our holding in *Orr Water Ditch*, subject matter jurisdiction exists over the Tribe's appeal from the State Engineer's Ruling 5823 only insofar as the allocation of Dayton Valley

3

Hydrographic Basin groundwater rights is plausibly alleged to affect adversely the Tribe's decreed water rights under the Orr Ditch Decree.

**VACATED and REMANDED.**